UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

Case No. 10-20535
Honorable David M. Lawson

v.

BOBBY W. FERGUSON, FERGUSON
ENTERPRISES, INC., and A & F
ENVIRONMENTAL/JOHNSON
CONSTRUCTION SERVICES,

          Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTIONS TO SEAL

On October 31, 2011, defendants Bobby W. Ferguson, Ferguson Enterprises, Inc., and A&F Environmental/Johnson Construction Services filed a motion with the Court requesting that exhibits in support of their motion to suppress evidence be sealed, as well as the memorandum and exhibits in support of the motion. On November 2, 2011, defendants Bobby W. Ferguson and Ferguson Enterprises, Inc., filed a similar motion with the Court seeking to file under seal a second motion to suppress, along with its memorandum and exhibits in support. The motions to seal were filed on the docket on November 3, 2011, but the motions to suppress have not been filed yet, although they were submitted to chambers. On November 3, 2011, the Court entered an order requiring a response from the government to those motions, as the defendants had not made the showing required to file documents under seal and appeared to be deferring to the government's interests in requesting that the documents be filed under seal.

On November 10, 2011, the government filed responses to the defendants' motions. In response to the motion by defendants Bobby W. Ferguson and Ferguson Enterprises, Inc., the

government stated that there are no legal or factual grounds to justify sealing the underlying motion to suppress or any of its exhibits. In response to the motion by defendants Bobby W. Ferguson, Ferguson Enterprises, Inc., and A&F Environmental/Johnson Construction Services, the government stated that of the thirty-three exhibits offered in support of the underlying motion to suppress, only two were furnished to the defendants pursuant to the Court's September 9, 2011 protective order, and that there were no legal or factual grounds to justify sealing any of the other thirty-one exhibits.

The September 9, 2011 protective order specifically stated that it did not authorizing filing documents under seal. Neither the defendants nor the government have provided justification for sealing either of the underlying motions to suppress or their accompanying exhibits. Although two of the exhibits to one of the underlying motions were provided to the defendants pursuant to the Court's September 9, 2011 protective order and purport to contain grand jury materials and law enforcement reports, the Court's protective order requires the parties to furnish justification for sealing documents. Grand jury materials are not automatically subject to sealing. The Supreme Court has recognized that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings," but that "in some situations justice may demand that discrete portions of transcripts be made available for use in subsequent proceedings." *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 218-20 (1979). "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Id.* at 222. "The secrecy of grand jury proceedings may be lifted only to the extent necessary to fulfill a narrowly tailored and compelling need." *In re Grand Jury 89-4-72*, 932 F.2d 481, 489 (6th Cir. 1991). This

need for secrecy is reduced when a grand jury's functions are ended; in that case, "disclosure is wholly proper where the ends of justice require it." *U.S. v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 234 (1940). "Where a particularized need for disclosure has been demonstrated, a district court that is properly seized of the question is given wide discretion to decide whether it is the need for secrecy that predominates, or the need for disclosure." *In re Grand Jury Proceedings*, 841 F.2d 1264, 1268-69 (6th Cir. 1988).

Here, disclosure of grand jury materials has already been made to the defendants. In addition, the grand jury's functions have ended; an indictment has been handed down and the case is in litigation. Disclosure of grand jury materials is therefore proper where the Court finds, in its discretion, that the ends of justice require it. The grand jury materials attached as exhibits to the defendants' motion to suppress are relevant to the Court's determination of the defendants' motion to suppress. The Court finds that the ends of justice in this case counsel in favor of disclosure of the grand jury materials for use in the present judicial proceeding so that the present motions can be addressed. Because there is no longer any need to preserve the two exhibits as secret under Rule 6(e), the parties must present some other justification for sealing the two exhibits in order to overcome the "presumptive right" of public access to court records. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983). Neither party has provided such justification in this case. Therefore, the Court will deny the defendants' motions to seal.

Further, the Court notes that the underlying motions to suppress have been submitted to chambers, but have not been filed on the record through the case management and electronic case filing system. Therefore, the Court will order that the underlying motions be filed promptly on the record.

Accordingly, it is **ORDERED** that defendants Bobby W. Ferguson, Ferguson Enterprises, Inc., and A&F Environmental/Johnson Construction Services's motion to seal [dkt. #131] is **DENIED**.

It is further **ORDERED** that defendants Bobby W. Ferguson and Ferguson Enterprises, Inc.'s motion to seal [dkt. #132] is **DENIED**.

It is further **ORDERED** that defendants Bobby W. Ferguson, Ferguson Enterprises, Inc., and A&F Environmental/Johnson Construction Services shall file their motions to suppress on the record through the case management and electronic case filing system **on or before November 28, 2011 at 12:00 p.m.**

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: November 23, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 23, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL