UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 10-20535
Honorable David M. Lawson

v.

BOBBY W. FERGUSON, MICHAEL
WOODHOUSE, CALVIN L. HALL,
FERGUSON ENTERPRISES, INC., XCEL
CONSTRUCTION SERVICES, INC., and
A & F ENVIRONMENTAL/JOHNSON
CONSTRUCTION SERVICES,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

On November 28, 2011, defendants Bobby Ferguson and Ferguson Enterprises, Inc., filed a motion to suppress evidence seized from 300 Riverfront Drive, Detroit, Michigan and 25495 St. James, Southfield, Michigan. On February 27, 2012, the Court entered an order denying the motion to suppress. On March 12, 2012, defendants Ferguson Enterprises and Ferguson Enterprises, Inc., filed a motion for reconsideration of the Court's order, arguing that the Court incorrectly applied the good faith exception to the exclusionary rule contained in *United States v. Leon*, 468 U.S. 897 (1984).

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However,

motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

The Court concludes that the defendants have not met their burden of showing a palpable defect by which the Court has been misled, as required by Local Rule 7.1(g)(3). In their motion for reconsideration, the defendants discuss only cases cited in the Court's order and raise only issues that have been considered already and decided by the Court. The defendants' motion for reconsideration provides no new grounds for the Court's review. Therefore, the Court will deny the defendants' motion for reconsideration.

                                        s/David M. Lawson  
                                        DAVID M. LAWSON  
                                        United States District Judge

Dated: March 15, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 15, 2012.

                                  s/Deborah R. Tofil  
                                  DEBORAH R. TOFIL