UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      CRIMINAL ACTION NO. 10-20535

                                              DISTRICT JUDGE DAVID M. LAWSON

     v.                             MAGISTRATE JUDGE MARK A. RANDON

BOBBY FERGUSON,

        Defendant.
_____/

**<u>ORDER DENYING APPOINTED COUNSEL FOR
DEFENDANT UNDER THE CRIMINAL JUSTICE ACT</u>**

On April 24, 2013, District Judge David M. Lawson appointed the Federal Defender's Office to advise Defendant on an application for representation under the Criminal Justice Act (Dkt. No. 326). Judge Lawson then referred the matter to this Magistrate Judge for a determination on Defendant's representation under the Criminal Justice Act. The Court held a hearing on May 20, 2013.

The United States District Court for the Eastern District of Michigan's Revised Plan for Implementing the Criminal Justice Act of 1964 provides:

> Upon the appearance of a person before a magistrate or judge . . . or at any proceeding in which a person who is entitled to representation under this plan appears without counsel, the court shall advise the person of the right to be represented by counsel and that counsel will be appointed if the person is financially unable to afford adequate representation. Unless the person waives representation by counsel, the court, if satisfied after appropriate inquiry that the person is financially unable to obtain counsel, shall appoint counsel to represent the person. If the need for the assistance of counsel is immediate and apparent, and the person states under oath that he or she is financially unable to obtain counsel, the inquiry may follow the appointment of counsel as soon thereafter as

1

is practical. All statements made by a person in requesting counsel or during the inquiry into eligibility shall be either (a) by affidavit sworn to before the court, a court clerk or deputy, or a notary public, or (b) under oath in open court.

Upon the advise of counsel, Defendant refused to complete a financial affidavit or make a statement under oath in open court. Accordingly, Defendant is **DENIED** appointed counsel under the Criminal Justice Act. *See United States v. Krzyske*, 836 F.2d 1013, 1019 (6th Cir. 1988) ("[t]he burden is on the defendant to demonstrate financial inability in order to obtain counsel") (citing *United States v. Ellsworth*, 547 F.2d 1096 (9th Cir. 1976) cert denied, 431 U.S. 931 (1977)). He may either represent himself, or retain a lawyer.

The Court cautions Defendant to carefully consider whether he should proceed without counsel. In particular, he should consider his level of legal training or education, if any. And, the fact that he will be required to follow the rules of evidence and procedure without assistance from the Court. He should also consider the complexity of the case and the fact that he faces a significant period of incarceration, if he is convicted or pleads guilty to the underlying offenses.

If the Defendant decides at a later date that he wishes to have appointed counsel, the Court will consider his request, if he completes the financial affidavit or discloses his finances under oath in open court.

**IT IS ORDERED**.

s/Mark A. Randon
Mark A. Randon
United States Magistrate Judge

Dated: May 20, 2013

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, May 20, 2013, by electronic and/or ordinary mail.*

*s/Kim Grimes Acting in the Absence of Eddrey Butts*
*Case Manager for Magistrate Judge Randon*